IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| NEIL STEWART HERRMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. CBD-17-0653 |
| ) | |
| NANCY A. BERRYHILL, ) | |
| ) | |
| Acting Commissioner, ) | |
| Social Security Administration ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

Neil Stewart Herrman ("Plaintiff") brought this action under 42 U.S.C. § 405 (g) and 42 U.S.C. § 1383(c)(3) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner denied Plaintiff's claim for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 16), Commissioner's Motion for Summary Judgment ("Commissioner's Motion") (ECF No. 17), and opposition thereto. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.).

For the reasons presented below, the Court hereby **REVERSES** and **REMANDS** the matter for further clarification.

## I. Procedural Background

On June 14, 2013, Plaintiff filed for DIB under Title II and on June 15, 2013, filed for SSI, alleging disability beginning April 1, 2011.  R. 11.  Plaintiff alleged disability due to severe anxiety and depression.  R. 15.  An administrative hearing was held on October 7, 2015, and on October 21, 2015, the claim was denied.  R. 11, 20.  Plaintiff sought review by the Appeals Council, which concluded on January 10, 2017, that there was no basis for granting the Request for Review.  R. 1.

## II. Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2015).  The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law.  *Id.*  ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r, Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).  "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence."  *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002).  Substantial evidence is "more than a mere scintilla."  *Russell*, 440 F. App'x, at 164.  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d, at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a

preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § 205(g) precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d, at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Court shall find a person legally disabled under Title II and Title XVI if he is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2012). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509/416.909], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If he does not have such

impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

Plaintiff has the burden to prove that he is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)-(c), 416.945(b)-(c). In making this assessment, the ALJ must consider all relevant evidence of the claimant's impairments and any related symptoms. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184 at *7 (S.S.A.). "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

**III.    Analysis**

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 13-19.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2011.  R. 13.  At step two, the ALJ found that Plaintiff has the following severe impairment: Mood Disorder and Anxiety Disorder under 20 C.F.R. §§ 404.1520(c) and 416.920(c).  *Id.*  The ALJ stated that these two medical conditions "limit the [plaintiff's] mental abilities to do basic work activities . . . Therefore, these impairments are severe." *Id.*[1]  At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926.  R. 14.  Before proceeding to step four, the ALJ found that Plaintiff "has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: he must have no more than occasional contact with coworkers, supervisors, and/or the general public due to limitations in social functioning, and he can perform only simple, routine, repetitive tasks, due to limitations in concentration, persistence and pace."  R. 15.  At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work based on his RFC.  R. 18.  At step five, the vocational expert stated that there were jobs within the national economy that Plaintiff could perform given his nonexertional limitations, including bulk loader, order picker, and office cleaner.  R. 18, 19.  The ALJ then concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  R. 19.

---

[1] Plaintiff also alleged other impairments including polysubstance abuse, but the ALJ determined these to be "nonsevere because either they did not exist for a continuous period of twelve months, they were responsive to medication, they did not require significant medical treatment, or they did not result in any continuous exertional or nonexertional functional limitations."  R. 14.

On appeal, Plaintiff argues that the Court should enter judgment as a matter of law in his favor, alleging that the ALJ failed to consider the holding of *Mascio v. Colvin* in his analysis of Plaintiff's residual function capacity. ECF No. 16-1, p. 1, 9. For the reasons set forth below, the Court reverses and remands the ALJ's decision.

### A. *The ALJ's decision did not run afoul with Mascio, because the RFC assessment accounts for the limitations found at step three of the sequential evaluation process.*

At step three of the analysis, the ALJ found that "with regard to concentration, persistence and pace, [Plaintiff] has moderate difficulties as the evidence reflects that he has difficulty maintaining attention and understanding and completing more than very simple routine instructions and tasks." R. 14. In the RFC assessment, the ALJ stated that Plaintiff has the RFC to "perform a full range of work at all exertion levels" but is limited in his ability to interact with others and "can only perform simple, routine, repetitive tasks due to limitations in concentration, persistence and pace." R. 15. "Pursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.,* No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015).

Plaintiff alleges that the ALJ failed to address the limitations found at step three, relying on the decision in *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015) to request remand. Plaintiff's reliance on *Mascio* is misplaced. In *Mascio*, the ALJ, at step three, found that the plaintiff had moderate limitations in concentration, persistence and pace. *Mascio,* 780 F.3d at 638. He then "found that Mascio had the residual functional capacity to perform 'light work . . . and, due to her adjustment disorder, only unskilled work.'" *Id.* at 635. The Fourth Circuit ruled that the ALJ failed to account for his step three findings because the RFC limitation of "unskilled work"

6

did not connect back to the step three finding of moderate limitations in concentration, persistence and pace. *Id.* at 638. Because the ALJ failed to explain the discrepancy between the step three finding and the RFC assessment, the court remanded. *Id.*

The Court looks to the decision in *Geisler v. Comm'r, Soc. Sec. Admin*, No. SAG-14-2857, 2015 WL 4485459 (D. Md. July, 21, 2015) as a more analogous case to the present one. In *Geisler*, "the ALJ found that '[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties as he demonstrates diminished abilities to focus, attend, remember and understand more than simple instructions and perform simple routine tasks . . .'". *Geisler*, 2015 WL 4485459, at *5. In the RFC assessment, the ALJ found that the plaintiff "[could] perform only simple, routine, repetitive, 1 or 2 step tasks due to limitations in concentration, persistence or pace." *Id.* (quotations omitted). The ALJ cited to the opinions of three professionals that assessed the plaintiff's behavior who all stated that the plaintiff was "capable of simple, routine, repetitive 1 or 2 step tasks [and] that [plaintiff's] mental impairments [did] not prevent him from performing simple, spoken instructions and simple routine tasks." *Id.* (quotations omitted). By offering the explanation at step three, the explanation following the RFC assessment, and the language within the RFC itself, the Court found *Geisler* to be distinguishable from *Mascio* and affirmed the ALJ's decision. *Id.*

In the present case, the ALJ found at step three that "with regard to concentration, persistence and pace, the claimant has moderate difficulties as the evidence reflects that he has difficulty maintaining attention and understanding and completing more than very simple routine instructions and tasks." R. 14. The ALJ then stated in the RFC that Plaintiff could "only perform simple, routine, repetitive tasks due to limitations in concentration, persistence and pace." R. 15. In the explanation following the RFC, the ALJ cited to experts, including

7

Plaintiff's counselor, Catherine Beers, and Dr. Harkani, who stated that Plaintiff has the ability to "follow simple tasks" and "can perform jobs involving simple, routine, repetitive tasks." R. 17-18. The ALJ, therefore, connected his findings at step three to the RFC assessment and provided ample explanation regarding the limitations, and thus remand is not required.

> **B. *The ALJ failed to provide an explanation in his narrative about the impact of absenteeism or, in the alternative, why he did not include it in the RFC assessment.***

In the RFC assessment narrative, the ALJ identified specific instances of Plaintiff's inability to follow a schedule or to leave his house multiple times per week due to his anxiety. R. 15-18. However, the ALJ failed to provide a corresponding limitation in the RFC assessment based on absenteeism or an explanation for why that behavior would not affect Plaintiff's ability "to sustain employment." *Gregory v. Berryhill*, Civil No. TMD 16-3251, 2018 WL 1326400, at *8 (D. Md. Mar. 15, 2018). This Court is persuaded by Plaintiff's assertion that "the error in this case arises because the limitations assessed by Ms. Beers were not included in the RFC, and the ALJ did not explain why such limitations were omitted, despite having afforded such opinion significant weight." ECF No. 18, p. 4.

In the RFC assessment narrative, the ALJ cites to the State agency psychological consultant's statements that Plaintiff "is limited to simple instructions and tasks due to impaired concentration, attention and memory," which the ALJ afforded significant weight. R. 17. However, the ALJ also cited to Plaintiff's counselor, Catherine Beers, who stated that Plaintiff has severe anxiety which can cause him to be unable to leave his home, to have multiple panic attacks per week, to have poor attendance, and to be unable to complete tasks. *Id.* The ALJ also noted that he gave Ms. Beers' opinion significant weight and that it was consistent with findings of the other psychiatrists. *Id.* During the vocational expert's testimony, when questioned by the ALJ and Plaintiff if "a person of the same age, education, [and] work background as Mr.

Herrman capable of work at all exertional levels provided that work not involve more than occasional contact with coworkers, supervisors, and/or the general public and work that would require the performance of only simple, routine, and repetitive tasks" were to be absent at least once per week, the vocational expert stated that said person would not be able to find and maintain gainful employment.  R. 48-50.

The Social Security Ruling requires that the RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio*, 780 F.3d at 636 (citing SSR 96-8p, 1996 WL 374184 at *2 (S.S.A.)). "The RFC is the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a **regular and continuing** basis, and the RFC assessment must include a discussion of the individual's abilities on that basis."  SSR 96-8p, 1996 WL 374184 at *2 (S.S.A.).

In the present case, the ALJ provided evidence that Plaintiff has a history of being unable to leave his home for long periods, but failed to incorporate a corresponding limitation into the RFC assessment accounting for the possibility that Plaintiff could have an issue with absenteeism.  "[I]t is unclear from the record how [Plaintiff] would be able to sustain employment, without having excessive absenteeism that would likely result in [his] termination." *Gregory*, 2018 WL 1326400, at *8 (citing *Payne v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-1015, 2015 WL 412923, at *1 (D. Md. Jan. 29, 2015)).  Without further explanation by the ALJ about why a similar limitation was not included in the RFC assessment, this Court can only speculate as to its reasoning.  Thus, "[r]emand under [] 42 U.S.C. § 405(g) thus is appropriate for the ALJ to build an accurate and logical bridge from the evidence to [his] conclusion." *Gregory*,

2018 WL 1326400, at *8.  Accordingly, the Court remands the case back to the ALJ to either provide a corresponding limitation in the RFC assessment addressing absenteeism or an explanation as to why this limitation is unnecessary.

### IV. Conclusion

Based on the foregoing, the Court **REVERSES** and **REMANDS** with instruction for the ALJ to supply a limitation in the residual functional capacity based on the evidence of absenteeism or to provide an explanation as to why such a limitation is unnecessary in the assessment.

June 18, 2018

/s/
Charles B. Day
United States Magistrate Judge

CBD/gbc/ejm